IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

SANTOS ROMAN CRUZ, )
 )
   Plaintiff, )
 )
v. ) Case No CIV-24-232-JFH-SPS
 )
BRIAN KENT SHADWICK; POTEAU )
POLICE DEPARTMENT; CITY OF )
POTEAU; STANLEY K. GARLAND, )
Attorney at Law; LEFLORE COUNTY )
DISTRICT ATTORNEYS OFFICE; )
JENNIFER H. MCBEE, Special Judge, )
LeFlore County, )
 )
   Defendants. )

**REPORT AND RECOMMENDATION**

Before the Court are a number of motions to dismiss the Complaint filed pursuant to Fed.R.Civ.P. 12(b)(6). *See* Docket Nos. 13, 17, 18, 20. The defendants allege the Complaint fails to state a claim upon which relief may be granted. Plaintiff has responded in opposition to none of these motions.[1] For the reasons set forth below, the Court finds that said motions should be GRANTED and the case DISMISSED.

   **I. Legal Standard**

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal,* 556 U.S.

---

[1] The Plaintiff has technically confessed these Motions to Dismiss pursuant to Local Rule 7.1(g) due to his failure to respond. However, the Court elects to address the Motions to Dismiss on their merits.

662, 677 (2009), *quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  While a complaint need not contain "detailed factual allegations" to survive a motion to dismiss, a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  556 U.S. at 678, *quoting Twombly,* 550 U.S. at 570.  *See also Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008).  Of course, well-pleaded facts are distinguished from conclusory allegations, and "unsupported conclusions of the pleader may be disregarded, especially when limited or negated by the substance of facts pleaded." *Cohlmia v. Ardent Health Services, LLC*, 448 F. Supp. 2d 1253, 1262 (N.D. Okla. 2006) (quoting *Lillard v. Stockton,* 267 F.Supp.2d 1081, 1093 (N.D.Okla.2003) (internal citations and quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.  Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *See Id.* at 679.  The question to be decided is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon,* 495 F.3d 1182, 1186 (10th Cir.2007) (internal quotation omitted).

*Pro se* pleadings must be liberally construed. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972).  *Pro se* complaints are held to less stringent standards than pleadings drafted by lawyers and courts must construe them liberally. *Id.* at 520.  Nevertheless, the Court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Moreover, even *pro se*

plaintiffs are required to comply with the "fundamental requirements of the Federal Rules of Civil Procedure." *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir.1994). In addition, attaching documents to the complaint is not "a substitute for the factual allegations ordinarily found in the body of a complaint itself." *Michel v. Sec. Alliance of Florida, LLC*, 11-21127-CIV, 2011 WL 3878354, *4 (S.D. Fla. Sept. 2, 2011).

**II. Discussion**

The Court finds even utilizing a most liberal interpretation, Plaintiff has failed to meet the requirements of Rules 8 and 12(b)(6). The Complaint fails to assert any facts to support a plausible claim against Defendants. Plaintiff does not outline the elements of any cause of action or explain how the factual allegations "fit" or support each element, as required. It is impossible to discern from the Complaint if Plaintiff's claims sound in tort, contract, or some other legal theory.

Plaintiff's Complaint consists of six pages, with 98 pages of uncategorized and unexplained attachments. The Complaint alleges under Statement of Claim: "This all started out as a neighbor of plaintiff being racist in nature and harmed the plaintiff by assault and causes damage to residence. For unknown reason to plaintiff the case against the defendant (Brian Shadwick) was dismissed without the knowledge of plaintiff. Since this time the police and city officials have harassed the plaintiff and discriminated against him." (Doc. 2 at p. 5). Plaintiff's Complaint fails to satisfy the procedural requirements of providing a clear and concise statement of Plaintiff's alleged causes of action against the defendants, and of his requested relief.

Plaintiff has also failed to indicate whether he seeks to invoke federal jurisdiction by alleging that his case raises a federal question. Even if it is assumed that Plaintiff intends to raise a federal question, Plaintiff has failed to state any plausible claim for which relief may be granted.

Any one of these reasons is sufficient grounds to dismiss the Complaint. Taken all together, it is impossible for the Court to discern what this lawsuit encompasses.

For the reasons set forth above, the undersigned Magistrate Judge RECOMMENDS that the Motions to Dismiss the Complaint filed by the Defendants (Docs. 13, 17, 18, 20), should be GRANTED. Objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b). Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

**IT IS SO ORDERED this 16th day of October, 2024.**

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**